| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRY HURLEY, | CASE NO. C19-5885RBL |
| Plaintiff, | ORDER |
| v. | |
| EQD CASIO, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Hurley's Motion for leave to proceed in forma pauperis, supported by his proposed complaint [Dkt. #1] Hurley's complaint is the form complaint, without any details. Other than the pre-printed instructions, it is largely blank:

ORDER - 1



[Dkt. # 1]

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015)

1 (granting petition for incarcerated individual on condition that applicant provides monthly
2 payments towards filing fee). It does not include those whose access to the court system is not
3 blocked by their financial constraints, but rather are in a position of having to weigh the financial
4 constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate,*
5 *Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to
6 proceed IFP because petitioner and his wife had a combined annual income of between $34,000
7 and $37,000).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995

(9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Hurley's complaint does not approach this standard. He has not identified a defendant or described in any way what he defendant did to him that is actionable in this court, much less set forth the "who what when where how and why" of a plausible claim. Who is the defendant? What happened? When? Why is that actionable in this court? What do you want the court to do? Why are you entitled to that? The existing complaint answers none of these questions, and even if it was filed and served, no defendant could reasonably respond to it.

The Motion to proceed *in forma pauperis* (and the attached motion for a court-appointed attorney) are **DENIED**.

Hurley shall pay the filing fee or file a prosed amended complaint within 21 days or this case will be dismissed and closed. Any proposed complaint must articulate a plausible factual story setting out the claim and the basis for this court's jurisdiction over it. If it does not, the case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 30th day of September, 2019.

Ronald B. Leighton
United States District Judge